# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **DORAINE ADAMS, Sr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:12cv1267 TCM |
| ) | |
| **PENSKE LOGISTICS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Pending in this employment discrimination action are two motions filed by plaintiff, Doraine Adams, Sr., for the appointment of counsel [Docs. 4, 25] and four motions to dismiss filed by various combinations of defendants, Penske Logistics (Penske), Bill Batista, Mike Lampen, and John Stucky [Docs. 15, 17, 19, 21].

Plaintiff, an African-American man over the age of 40, alleges in his pro se complaint that he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e through 2000e-17, and the Age Discrimination in Employment Act, 29 U.S.C. § 621-634, and in retaliation.[1]  All four defendants move to dismiss the complaint on the grounds Plaintiff's cause of action was not disclosed in his April 2012 bankruptcy petition [Doc. 15]; Batista, Lampen, and Stucky move to dismiss on the grounds that the cited statutes do not provide for actions against individual supervisors or other individual defendants [Doc. 17]; Penske moves to dismiss on the grounds that Plaintiff fails to allege that he engaged in any protected act [Doc. 19]; and Stucky moves to dismiss for improper service [Doc. 21].

---

[1]Plaintiff does not specify in his complaint why he was retaliated against.

In his motions for appointment of counsel, Plaintiff, proceeding in forma pauperis, states that he has endeavored to find an attorney to represent him in this matter but has not been able to due to his poverty. The Court notes that a two-paged typed summary of events and forty-four pages of exhibits are attached to the form complaint.

"'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" **Davis v. Scott**, 94 F.3d 444, 447 (8th Cir. 1996) (quoting Edginton v. Mo. Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995)). In ruling on a motion for appointment of counsel, the Court considers "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." **Id.**; accord **Phillips v. Jasper Cnty. Jail**, 437 F.3d 791, 794 (8th Cir. 2006); **Stevens v. Redwing**, 146 F.3d 538, 546 (8th Cir. 1998).

At this stage of the litigation, the Court finds that the appointment of counsel would be of no benefit. Now at issue are relatively straightforward questions of law to be answered on the basis of the facts alleged by Plaintiff. His motions will be denied without prejudice.

The Court notes that the first motion for appointment of counsel was pending before the motions to dismiss were filed and that the second was filed soon after the motions to dismiss were filed. Because the Court is concerned that Plaintiff deferred filing a response to any of the motions to dismiss until such time as his motions for appointment of counsel were ruled, the Court will grant him additional time to file responses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions for appointment of counsel are **DENIED** without prejudice. [Docs. 4, 25]

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** up to and including **October 31, 2012,** by which to file his responses to the four motions to dismiss. Movants are **GRANTED** up to and including **November 9, 2012**, to file their replies, if any.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  26th  day of September, 2012.